UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SHANNON CAUSION,

    Plaintiff,

v.

CARLOS BIVENS, *Warden*,

    Defendant.

Civil Action No. TDC-23-0222

## MEMORANDUM ORDER

Plaintiff Shannon Causion, a prisoner currently confined at Roxbury Correctional Institution ("RCI") in Hagerstown, Maryland, has filed a Motion for a Temporary Restraining Order ("TRO"). Causion alleges that Defendant Warden Carlos Bivens has failed to protect him from harm while incarcerated at RCI. The Court has construed this case to be a civil rights action pursuant to 42 U.S.C. § 1983. The Court issued an Order directing Warden Bivens to show cause as to why injunctive relief should not be granted in favor of Causion. In response, Warden Bivens filed a Memorandum in Opposition to the Motion for a Temporary Restraining Order. Having reviewed the submitted materials, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion for a TRO will be DENIED, and the case will be DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

In his Motion, Causion states that in 2015, after he was stabbed by a group of gang members associated with his then-cellmate, he was then assigned to protective custody. He alleges that, despite being in protective custody, he has continued to be attacked by gang members. Causion alleges that, most recently, he was attacked by a gang member on January 1, 2023.

Causion asserts that Warden Bivens "has failed in his duties to protect me from harm" and that RCI officers continue to "pressure" him to remain housed with dangerous inmates. Mot. TRO at 1, ECF No. 1.

Warden Bivens states that, on January 1, 2023, a correctional officer observed Causion with his arm wrapped around his cellmate's neck in a chokehold. The officer ordered Causion to let go of his cellmate's neck, and the two cellmates were separated. After the incident, Causion was found to have a scratch on the underside of his left hand and a cut on his right thumb.

Causion was issued a Notice of Inmate Rule Violation. At his disciplinary hearing, Causion testified that he held his cellmate in a headlock after the cellmate punched him in the face and cut him. The Hearing Officer found Causion not guilty of the charged violation of battery.

After an investigation, Causion and his cellmate were declared to be enemies. Because enemies are not permitted to be housed together or otherwise interact, Causion was transferred to a different cell. Causion remained in protective custody.

## DISCUSSION

### I. Motion for a TRO

To obtain a preliminary injunction, a plaintiff must establish that (1) the plaintiff is likely to succeed on the merits, (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in the plaintiff's favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011). Because a preliminary injunction is "an extraordinary remedy . . . [it] may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. The plaintiff must satisfy all four of these requirements. *See Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013).

Here, Causion has not established either a likelihood of success on the merits or a likelihood of irreparable harm. The Eighth Amendment protects prison inmates from "cruel and unusual punishments." U.S. Const. amend. VIII. However, "not every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015). A two-part inquiry that includes both an objective and a subjective component must be satisfied before liability is established. *See Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016). Objectively, the prisoner "must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or substantial risk of either injury. *Id.* (quoting *Danser v. Stansberry*, 772 F.3d 340, 346–47 (4th Cir. 2014)). Subjectively, the prisoner must establish that the prison officials exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). Such deliberate indifference exists if there was a substantial risk of serious harm that was "longstanding, pervasive, well-documented or, noted by prison officials in the past," and the prison official in question had been exposed to that information but did not reasonably respond to it. *Cox v. Quinn*, 828 F.3d 227, 236 (4th Cir. 2016). Deliberate indifference also exists when prison officials were "aware that the plaintiff inmate face[d] a serious danger to his safety and they could avert the danger easily yet they fail[ed] to do so." *Id.* Where prison officials respond reasonably to the risk, they are not liable even if the harm was not ultimately averted. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994).

Although Causion suffered an injury at the hands of his cellmate on January 1, 2023, he is not likely to succeed on a failure-to-protect claim against Warden Bivens because he has not alleged facts that demonstrate that Warden Bivens acted with deliberate indifference to a specific known risk of harm. Here, Warden Bivens had no basis to suspect that Causion's cellmate would attack him. At the time of the incident, Causion's cellmate was not listed as his enemy. Moreover,

after the altercation, correctional officers working under Warden Bivens responded reasonably by intervening, evaluating Causion's injuries, and investigating the matter. The Court therefore finds that the record does not support an Eighth Amendment claim of a failure to protect Causion from the attack.

Furthermore, Causion has not established that he is likely to suffer irreparable harm in the absence of preliminary relief. Following an investigation, Causion and his cellmate were declared enemies, and Causion was transferred to another cell while remaining in protective custody. Accordingly, Causion's Motion for a TRO will be denied.

## II.     The Complaint

In its January 31, 2023 Order, the Court directed Causion to file a Complaint and to either pay the filing fee or complete and return a Motion for Leave to Proceed In Forma Pauperis form within 28 days. The Court warned Causion that failure to take either step would result in the dismissal of his case. To date, Causion has not filed a Complaint, paid the filing fee, or filed a Motion for Leave to Proceed In Forma Pauperis. Thus, this case shall be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Causion's Motion for a Temporary Restraining Order, ECF No. 1, is DENIED.

2. This case is DISMISSED WITHOUT PREJUDICE.

3. The Clerk shall close this case.

4. The Clerk shall MAIL a copy of this Order to Causion.

Date: May 5, 2023

THEODORE D. CHUANG
United States District Judge